UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK

---------------------------------x

ESTERLIN SAMUEL,                          CIVIL ACTION:

2016 JUL 25 PM 2:53

                Plaintiff,

          - against -

**CV 16    4108**

**CIVIL COMPLAINT**

CITY OF NEW YORK, POLICE OFFICER,
CHRISTOPHER PADIN individually
and in his official capacity, and
POLICE OFFICER JIMMY MALDONADO,
individually and in his official
capacity, and POLICE OFFICERS
JOHN and JANE "DOES" individually
and in their official capacities
(said names being fictitious
and meaning to represent New York
City police officers whose names
and true identities are currently
unknown to plaintiff).
                Defendants.

**GERSHON, J.**

**TISCIONE, M.J.**

Jury Trial Demanded

---------------------------------x

1.    Plaintiff, ESTERLIN SAMUEL, by his attorney, Robert
Parker, complains of the Defendants and respectfully sets forth
to this Court as follows:

**PRELIMINARY STATEMENT**

2.    This action is brought pursuant to the provisions of
42.U.S.C.§1983,§1985 and, pursuant to claims for, deprivation of
Plaintiff's constitutional rights, including lack of due
process, illegal search, excessive force, imprisonment, and
intentional infliction of emotional distress.

### JURY TRIAL DEMANDED

3.    Plaintiff demands trial by jury in this action.

### JURISDICTION AND VENUE

4.    This action arises under the 4th, 5th, 6th, 8th and 14th Amendments to the United States Constitution, under 42 U.S.C. §§§1983, 1985 and 1988.

5.    The jurisdiction of this Court is predicated upon 28 U.S.C. §1331 and §1343(a)(3) and (4), and upon pendent juris-diction.

6.    Venue lies in this district pursuant to 28 U.S.C. §1391(b).

### THE PARTIES

7.    The Plaintiff was and still is a resident of Kings County, City and State of New York.

8.    Upon information and belief, and at all times hereinafter mentioned, the defendant, City of New York, (hereinafter referred to as "CITY") was and still is a municipal corporation and body politic, organized and existing under the Laws of the State of New York and the Charter of the City of New York

9.    Upon information and belief, and at all times hereinafter, defendant Police Officer CHRISTOPHER PADIN (Shield

2

# 25978) was and still is a New York City police officer with his primary office located at the Housing Bureau 25 Central Avenue, Brooklyn New York 11206, and said officer, was acting under the color of law and within the scope of his employment.

10.   Upon information and belief, and at all times hereinafter, defendant Police Officer JIMMY MALDONADO (Shield #01477) was and still is a New York City police officer with his primary office located at the Housing Bureau 25 Central Avenue, Brooklyn New York 11206, and said officer, was acting under the color of law and within the scope of his employment.

11.   Upon information and belief, and at all times hereinafter, defendant New York City Police Officers John and Jane Does, are employed by the City of New York, and acted under the color of law and within the scope of their employment.

3

## THE FACTS

12.     On or about July 24, 2013, in the county of Kings, the plaintiff was walking home and entering a walkway immediately adjacent to his apartment inside of an apartment complex notoriously known as the Pink Houses.

13.     Plaintiff noticed a female, known to plaintiff, suddenly being thrown to the ground in a violent manner by a group of police officers.

14.     Plaintiff asked the officers in sum and substance, "what did she do?" and "why do you have to slam her down so hard like that?"

15.    One police officer, later identified as defendant CHRISTOPHER PADIN shouted to plaintiff to mind his business and leave the area immediately.

16.     Plaintiff informed Officer PADIN that he lived in the immediate apartment and that he was just on his way home.

17.     Officer PADIN became enraged and charged at plaintiff knocking him to the ground.

18.     Plaintiff in a loud voice, began yelling for help, and asked the police officer to get off of him because he could not breathe.

19.     Police officer PADIN eventually separated from plaintiff.

4

20.   Immediately thereafter, plaintiff experienced an incredible amount of pain to his back from being shot with a Taser fired by an unknown police officer JANE OR JOHN DOE, and plaintiff fell to the ground to his stomach.

21.   Plaintiff was in so much pain, that he could not control his bodily functions, nor his motor skills and or speech.

22.   Approximately 5 seconds after the first shot with a Taser, plaintiff was again shot in the back by an officer with a Taser and plaintiff became un-conscious.

23.   Plaintiff was transported to Brookdale hospital to have two Taser prongs surgically removed from his body.

24.   The scars caused by the Taser prongs are permanent.

25.   While plaintiff was in the hospital, he was shackled to his hospital bed.

26.   After his brief hospital stay, plaintiff was shocked to learn that he was charged with a long laundry list of felony and misdemeanor criminal charges.

27.   In the subsequent Kings County criminal complaint, Police Officer PADIN informed officer MALDONADO that plaintiff had jumped on him, placed him in a headlock, repeatedly punched him in the face, and grappled his gun holster in an attempt to take his weapon.

5

28. PADIN also informed that he suffered numerous physical injuries including a concussion caused by plaintiff.

29. Officer MALDONALDO was at the scene of plaintiffs' arrest and was aware that plaintiff did not attempt to grab officer PADIN's gun nor act an aggressive manner towards the police.

30. Officer PADIN was aware that he did not suffer any injuries as a result of the actions of the plaintiff's conduct.

31. As a result of the false statements of officer MALDONALDO AND PADIN, Plaintiff was charged violating the following; New York State Penal Laws, 110/160.10(2)(A) ATTEMTPED ROBBERY IN THE SECOND DEGREE; 110/265.03(1)(B) ATTEMPTED CRIMINAL POSSESSION OF A WEAPON IN THE SECOND DEGREE; 110/265.03(3) ATTEMPTED CRIMINAL POSSESSION OF A WEAPON IN THE SECOND DEGREE; 120.05(3) ASSAULT IN THE SECOND DEGREE; 110/160.05 ATTEMTPED ROBBERY IN THE THIRD DEGREE; 240.06(1) RIOT IN THE FIRST DEGREE; 110/155.30(5) ATTTEMPTED GRAND LARCENY IN THE FOURTH DEGREE; 110/265.01-B(2) ATTEMPTED CRIMINAL POSSESSION OF A FIREARM; 120.00(1) ASSAULT IN THE THIRD DEGREE; 195.05 OBSTRUCTING GOVERNMENTAL ADMINISTRATION IN THE SECOND DEGREE; 205.30 RESISTING ARREST
240.05 RIOT IN THE SECOND DEGREE; 11/155.25 ATTEMTED PETIT LARCENY; 110/265.01(1) ATTEMTPED CRIMINAL POSSESSION OF A

6

WEAPON IN THE FOURTH DEGREE; 120.15  MENACING IN THE THIRD
DEGREE; 240.20(1) DISORDERLY CONDUCT; 240.20(3) DISORDERLY
CONDUCT; 240.26(1) HARRASSMENT IN THE SECOND DEGREE

32. As a result of plaintiff's false arrest, plaintiff was
imprisoned for nearly 96 hours for no reason.

33.  Plaintiff was released upon arraignment four days
after being arrested and on the next and last court appearance
case was dismissed upon motion by the Kings County District
Attorney.

7

## COUNT ONE: FALSE ARREST/ IMPRISONMENT

34.   Plaintiff hereby reiterates paragraphs 1 through 33, as though fully stated herein and further alleges as follows;

35.   The Defendants, by having unlawfully and illegally detained and forcibly shackled the Plaintiff without probable cause, deprived Plaintiff of the rights, remedies, privileges and immunities guaranteed to every citizen of the United States of America, all of which was in violation of 42 U.S.C. $1983. The rights of the Plaintiff, as guaranteed by the 4th, 5th, 6th, 8th and 14th Amendments to the United States Constitution, have been violated.

36.   The Defendants acted under pretense and color of the State Law and in their individual official capacities. The acts of the Defendants were without authority of law and constituted a severe abuse of their powers. Defendants acted intentionally, willfully, knowingly and with the specific intent to deprive Plaintiff of his constitutional rights as secured by 42 U.S.C.$1983, and by the 4th, 5th, 6th, 8th and 14th Amendments to the United States Constitution.

37.   As a direct and proximate result of the misconduct of the Defendants as afore described, and the wrongful acts and abuses of authority as detailed above, Plaintiff sustained the damages hereinbefore alleged.

8

38.   Based upon the allegations as set forth herein,
Defendants violated Plaintiff's civil rights to be free from
false arrest, false imprisonment, physical injury, malicious
prosecution and intentional infliction of emotional distress.

39.   Plaintiff seeks damages in the sum of Five Million
Dollars and exemplary damages of Five Million Dollars or as a
jury so determines.

40.   As a result of the above mentioned incident, plaintiff
was caused to suffer severe emotional distress, mental anguish
from being incarcerated for four days, severe pain and
suffering, and permanent scarring to his back, through no fault
of his own.

## COUNT TWO:  EXCESSIVE FORCE POLICE BRUTALITY

41.  Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered " 1 " through "40" inclusive as if the same were fully set forth at length herein.

42.  The defendant police officers, with malice and hatred, shot plaintiff twice as a way of intimidation and brutality.

43.  Defendants' conduct was unreasonable, excessive, and unnecessary under the circumstances.

44.  Further, the defendant's misconduct extended to falsely stating to the district attorney's that plaintiff engaged in felonious criminal acts at the time of the incident, to wit, that the plaintiff caused injuries to the defendants.

45.  Defendants actions caused plaintiff to suffer unnecessary surgery, false imprisonment, false arrest, severe pain, permanent scarring to his back, and the fear of spending years in jail on false charges.

46.  Plaintiff seeks compensatory damages in the sum of Five Million Dollars and exemplary damages of an additional Five Million Dollars, or as a jury so determines.

10

## COUNT THREE:  MONELL CLAIMS

47. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered " 1 " through "46" inclusive as if the same were fully set forth at length herein.

48.  Defendant's conduct was without probable cause or authority, and the repeated use of excessive force and abuse, in purportedly performing their duties as employees of the Defendant City.  Specifically, it is well known that the police officers that patrol the Pink Houses have a history of brutality and misconduct.  Such police officers cannot distinguish law abiding citizens from non-law abiding citizens.

49.  The Defendants have engaged in this long pattern of constitutionally offensive conduct, in failing in the proper prosecution thereof, and failing to properly train, supervise, and discipline police officers and members of the police department in proper enforcement of these alleged crimes and prosecutions.

50.  Upon information and belief and prior to the acts complained of herein, the Defendant City of New York, and its agency New York City Police Department, and Housing Bureaus, through supervisory personnel, had knowledge and notice of this pattern of unconstitutional conduct by the individual

11

Defendants, but knowingly failed to take any remedial steps to train, supervise or discipline the individual Defendants to prevent the type of conduct to which they subjected the Plaintiff.

51.  The acts complained of by Plaintiff herein are a direct and proximate result of the conduct and practices of the Defendants City of New York, the New York City Police Department and New York City department of housing, department employees and representatives, and constituted tacit authorization, and gross indifference to, the pattern of unconstitutional conduct by the individual Defendants, and Defendant City of New York and its Police Department, and the knowing failure to train, supervise or properly discipline the individual Defendants.

52.  By reason of the foregoing, the Defendant, the City of New York , its police department and its department of housing have engaged in an official policy, practice and custom which, through the acts of the individual Defendants, were in furtherance thereof, and have deprived Plaintiff of the rights, remedies, privileges and immunities guaranteed to every citizen of the United States and were in violation of 42 U.S.C. S1983, and have deprived Plaintiff of his rights as guaranteed by the 4th, 5th, 6th, 8th and 14th Amendments to the United States Constitution.

53. As a direct and proximate result of the official policy, practice and custom of the Defendant City of New York and its Fire and Police Department as alleged herein, Plaintiff sustained damages hereinbefore alleged.

54. Based upon the allegations as set forth herein, the Defendants have violated the plaintiff's rights to be free from false arrest, false imprisonment, physical injury, malicious prosecution and intentional infliction of emotional distress.

55. Plaintiff seeks compensatory damages in the sum of Five Million Dollars and exemplary damages of an additional Five Million Dollars, or as a jury so determines.

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

a) On each Count in such sums as may be determined upon the trial of this action, including, but not limited to general damages, special damages and punitive damages,

b) Punitive Damages as to all Defendants for intentional conduct as described above.

c) For reasonable attorney's fees pursuant to 42 U.S.C. §1988, together with costs and disbursements; and

13

d)      For such other and further relief as this Court

        may deem just and proper.

Dated:     July 23, 2016

                         Robert H. Parker, Jr.
                         Attorney for Plaintiff

                   By:   _____/s/_____
                         Robert H. Parker (RP-1682)
                         6008 8th Avenue
                         Brooklyn, New York 11220
                         (610) 880-7217

14